IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR C-07-238M |
| | § | |
| LEROY E. FLORES | § | |

## MEMORANDUM OPINION AND JUDGMENT

Defendant, Leroy E. Flores, was cited for failure to stop at a stop sign in violation of Texas

Transportation Code § 544.010 on the Corpus Christi Naval Air Station ("CCNAS").  (D.E. 1).

Because this incident occurred on a military base, jurisdiction is proper in this Court.  18 U.S.C. § 7;

United States v. Reff, 479 F.3d 396, 400 (5th Cir. 2007).  A bench trial was held on May 15, 2007.

### TRIAL TESTIMONY

The Government called Navy Petty Officer Andrew Smith.  He testified that he essentially

works as a police officer on the CCNAS having received training for police work, including

specialized training in handling traffic stops.  He has worked at the CCNAS since August 2006.

During that time he has issued over fifty traffic citations and engaged in numerous other traffic

stops.

On February 1, 2007, Officer Smith was on patrol.  It was a clear, sunny day.  In the early

afternoon, he was working in Zone 2 at a fixed location parked in his vehicle in a parking lot

between First Avenue and D Street.  See Gov't Ex. 1.  He indicated that this intersection was one of

the busiest on the CCNAS.  At about 12:53 p.m., he observed defendant driving on First Avenue

toward the stop sign at D Street.  Specifically, he observed defendant in a red truck slow down, but

not completely stop prior to continuing through the intersection onto Second Avenue.  He testified

that during his training he learned to watch the wheels to determine whether there was no more

momentum forward in order to determine whether a vehicle has completely stopped.  He observed

that the momentum on defendant's truck tires continued forward and that defendant did not stop

completely at the stop sign.

Based on his observations, Officer Smith activated his lights and initiated a stop of defendant

i a parking lot on Second Avenue.  He characterized it as a routine traffic stop.  Defendant exited his

vehicle and was cooperative although he seemed frustrated.  Officer Smith issued defendant a

citation for violating section 544.010 of the Texas Transportation Code for rolling through the stop

sign.  (D.E. 1) (Violation Notice N0435704).

Defendant testified that he was returning to work from lunch.  While driving on First Avenue

toward the D Street intersection, he slowed down to drive past a school bus.  He estimates that he

stopped at the stop sign for about three seconds before proceeding through the intersection.

Defendant asserted that the crosswalk and the line indicating where vehicles should stop at

the intersection were faded and difficult to see.  See Def.'s Exs. 1-4.  He claims that both the

crosswalk and the stop line were repainted after he received his citation.

Officer Smith testified that it does not matter whether there were markings on the street

indicating where to stop.  Instead, the controlling factor is the stop sign itself.  Since he has been

working at the CCNAS, the intersection at issue has always been a four-way stop with stop signs.

### DISCUSSION

Section 544.010 establishes that "[u]nless directed to proceed by a police officer or traffic-

control signal, the operator of a vehicle ... approaching an intersection with stop sign shall stop as

provided by Subection (c)." Tex. Transp. Code § 544.010(a).  It further states that "[a]n operator

required to stop by this section shall stop before entering the crosswalk on the near side of the

2

intersection.  In the absence of a crosswalk, the operator shall stop at a clearly marked stop line.  In

the absence of a stop line, the operator shall stop at the place nearest the intersecting roadway where

the operator has a view of approaching traffic on the intersecting roadway."  Tex. Transp. Code

§ 544.010(c).  "A person convicted of an offense that is a misdemeanor under this subtitle for which

another penalty is not provided shall be punished by a fine of not less than $1 or more than $200."

Tex. Transp. Code § 542.401.

    As an initial matter, defendant first argues that he did indeed stop for a total of three seconds

before proceeding through the intersection.  This testimony conflicts with that by Officer Smith.  I

find the testimony by Officer Smith to be more credible than that by defendant.  He has training in

handling traffic stops and this one was routine.  He watched defendant's wheels at the intersection

and determined that the momentum forward never ceased so that defendant never fully stopped at

the intersection.  Finally, Officer Smith has no reason to fabricate his version of the events.[1]

Accordingly, I find beyond a reasonable doubt that defendant failed to stop at the stop sign located

on First Avenue at the D Street intersection.  See generally Marsh v. State of Texas, 613 S.W.2d 294

(Tex. Crim. App. 1981) (en banc).

    Next, defendant argues that the crosswalk and stop line were not clearly visible.  His own

exhibits, however, demonstrate that while faded, they were still visible.  See Def.'s Exs. 1-4.  More

important is that § 544.010(c) specifically establishes that if these lines do not exist, a driver still

must stop at a stop sign.  Defendant works in the area and knew that the stop sign existed.  Even if

there were no markings, he would have no defense for failing to stop.  See United States v. Cole, 444

F.3d 688, 689-90 (5th Cir. 2006).  Accordingly, as a matter of law, this defense is rejected.

---

[1] Indeed, defendant did not cross-examine Officer Smith to challenge his account of the
traffic stop.

## CONCLUSION

Defendant is found guilty of violating section 544.010 of the Texas Transportation Code.

Accordingly, he is fined $75.00 and assessed the $25.00 processing fee.  Defendant is ordered to pay

$100.00 to the Clerk of the Court no later than June 18, 2007.

ORDERED this 21st day of May 2007.


_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE OF RIGHT TO APPEAL

The Clerk will file this Decision and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Decision, defendant may appeal the conviction or the sentence imposed to the District Court.  See Fed. R. Crim. P. 58(c)(4); see also 18 U.S.C. § 3402. In order to appeal the conviction or the sentence, defendant must file a notice of appeal with **TEN (10) DAYS** with the Clerk of the Court and specify the judgment being appealed.  Fed. R. Crim. P. 58(g)(2).  Defendant must also serve a copy of the notice of appeal on the attorney for the government.  Id..  An appeal to the District Court requires a filing fee of $32.00.  If defendant is unable to afford to appeal this Decision to the District Court, then defendant may file a motion to proceed *in forma pauperis.*